**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ANTHONY WILLIAMS,

      :

    Petitioner,                            Case No. 3:06-cv-284

      :          District Judge Thomas M. Rose
  -vs-                                     Chief Magistrate Judge Michael R. Merz

XENIA MUNICIPAL COURT,

      :

    Respondent.

**REPORT AND RECOMMENDATIONS**

      Petitioner Anthony Williams brought this habeas corpus action to contest sentence of 210 days upon his conviction for assault and domestic violence in Case No. 2006 CRB 00710 in the Xenia Municipal Court.  Upon initial review, on September 14, 2006, the Magistrate Judge noted that state prisoners are required to exhaust available state court remedies before filing for habeas corpus and ordered that Petitioner supplement his Motion promptly to indicate what he has done to exhaust the state court remedies and/or why this Court should proceed without requiring exhaustion.

      Petitioner has failed, despite the expiration of more than thirty days, to supplement the Petition as ordered.  In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court permitted district courts to stay adjudication of habeas corpus petitions pending exhaustion, but directed district courts to place reasonable time limits on the petitioner's trip to state court and back.  Here the Petitioner has made no response to the Court's Order for supplementation.

      It is accordingly recommended that the Petition herein be dismissed without prejudice for

lack of exhaustion of state court remedies.

October 21, 2006.

                                                                                                   s/ Michael R. Merz
                                                                     Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

                                                                                                   s/ Michael R. Merz
                                                                     Chief United States Magistrate Judge